JOHN CHAFFE & SONS *v.* WOLF AARON.

62   MISS.   29

CHANCERY.  *Sale of land.  Power of court in respect thereto.  Constitutionality of act of 1884.*

By an act of the legislature, approved February 28, 1884, it was provided, "That the chancery court shall have power, in its discretion, to refuse confirmation of any sale made in pursuance of its decree on the ground that the price bid is inadequate; provided the party objecting to the confirmation shall enter into bond, with approved security, for the payment of all costs thereby accruing and conditioned that the property at a re-sale shall bring an advance of fifteen per cent. upon the former sale, exclusive of costs of re-sale." C., as mortgagee of a certain tract of land, obtained a decree for the sale thereof, and at such sale became the purchaser of the same. The court, in pursuance of the statute above set forth, refused to confirm the sale

and ordered a re-sale of the property. Thereupon C. appealed on the ground that his mortgage having been executed prior to the passage of the act quoted, he had acquired the right to buy the land at whatever price it might bring at a legal sale and could not be divested thereof by that act which would operate to impair the validity of his contract and therefore be unconstitutional. *Held,* that the act under consideration affects the appellant's remedy merely, and not his contract rights, and is therefore not unconstitutional.

APPEAL from the Chancery Court of Sharkey County.

HON. WARREN COWAN, Chancellor.

The case is sufficiently stated in the opinion of the court.

*E. E. Baldwin,* for the appellants.

Before the passage of the act in question the powers of a chancery court to set aside a sale for inadequacy of price was confined to cases where the inadequacy was so gross as to raise a presumption of fraud *per se.* *Allen* v. *Martin,* 61 Miss. 86, and cases therein cited. Then, up to the time of the passage of the act, a constituent part of the agreement between every mortgagor and mortgagee was the right of the latter, when he had procured the rendition of a decree in his favor, to have the property sold thereunder for whatsoever price it would bring at a public sale, provided the sale price should not be so grossly inadequate as to raise the presumption of fraud, and to have the sale confirmed.

The act is plainly unconstitutional as to all debts created before its passage, under the provision of Sec. 10, Art. I, of the Constitution of the United States, forbidding any State to pass any law impairing the obligations of contracts, inasmuch as it attempts to take away a substantial part of the contract right of the mortgagee as against the mortgagor, and so abridges and places conditions upon the enforcement of the remedy of the mortgagor, in existence at the time the contract was made, as to place him upon a very different footing from that which he then had, and, in fact, to leave him but the mere shadow of a remedy. *McCracken* v. *Haywood,* 2 How. 608; *Willard* v. *Longstreet,* 2 Doug. 172; *Rawley* v. *Hooker,* 21 Ind. 144; *Garrity's Lessee* v. *Ewing,* 3 How. 707; 1 Ib. 311; *Oatman* v. *Bond,* 15 Wis. 20; Cooly's Const. Lim. 353, and note.

*Miller, Smith & Hirsh,* for the appellee.

We think no substantial fault can be found with the action of the lower court in refusing to confirm a sale where the price paid was so grossly inadequate.

The application of the defendant, Aaron, seeking to have the court refuse to confirm the sale, shows that the property sold was worth from eight to ten times more than the price bid. The accompanying affidavit shows that the property was worth five or six times more. The annual rental is nearly twice the amount of the bid.

The bond required by the act of 1884 was given. No objection was made to the form of the proceeding, and the court refused a confirmation and ordered a re-sale.

It certainly cannot be affirmed that there was any absence of judicial discretion. The act of 1884 was meant to apply precisely to such a case. No injury has been done the appellant. Certainly the act, relating to a remedy merely, is constitutional.

CHALMERS, J., delivered the opinion of the court.

Chaffe & Sons, who filed a bill and obtained a decree of foreclosure against Wolf Aaron, bought the mortgaged property at the commissioner's sale for the sum of one hundred dollars. Upon motion to confirm the report it was proved that the property was worth many times that amount, and bond being given and approved to make it bring more than fifteen per cent. advance on the former bid and to pay all costs, in accordance with the provisions of an act entitled an act " in relation to the confirmation of sales under decrees in chancery, approved February 28, 1884 " (Sheet Acts, p. 71), the Chancellor refused confirmation and decreed a re-sale. From this order for a new sale the purchasers appealed, contending that the act in question was unconstitutional as impairing the obligation of a contract. The argument is that by the original mortgage, made many years before, Chaffe obtained an indefeasible right to buy the defendant's land at whatever sum it might bring at a legal sale, and that the legislature could not thereafter vest the Chancellor with any new powers, even of a discretionary character, over a

sale thereafter made. The argument is wholly untenable. It is well settled that all matters relating to the remedies are within legislative control so long as the substantial rights of the creditor are preserved. It is idle to say that the creditor's rights are not preserved here, because the act relates solely to the rights of purchasers, who are not protected by the constitution and over whom the Chancellor may certainly exercise his discretion, except where the rights of the creditor are substantially affected. A legislative broadening of that discretion which can only result in making the property bring more to the mortgagor certainly does not impair the value of the security. It is only a discretion in the Chancellor, after all, to be exercised when he sees fit, and not imperative on him. It relates solely to the remedy and not the contract.

*Decree affirmed.*