PRITCHARD, administrator, v. THE SAVANNAH STREET
AND RURAL RESORT RAILROAD COMPANY.

An action against a railroad company for personal injuries, pending
when the act of November 12, 1889, amending section 2967 of the
code, was passed, was not abated by the death of the plaintiff;
nor is that act, as applicable to actions pending at the time of its
passage, unconstitutional.
May 27, 1891.

Actions. Abatement. Constitutional law. Railroads.
Before Judge FALLIGANT.    Chatham superior court.
December term, 1890.

A suit for the recovery of damages from injuries to
the person was instituted on October 25, 1889.    Pend-
ing the action the death of the plaintiff was duly sug-
gested of record on December 1, 1890.    His adminis-
trator moved to be made a party in lieu of the intestate.
The judge held that this could not be done, and dis-
missed the case as having abated by the death of the
plaintiff.

JACKSON & WHATLEY and A. C. WRIGHT, for plaintiff.
LAWTON & CUNNINGHAM, for defendant.

LUMPKIN, Justice.

The first proposition stated in the above head-note
was settled by this court in the case of *Johnson* v. *The
Bradstreet Co.*, decided at the present term (*ante*, 79).
In that case, however, the main question was, whether
or not the above mentioned section of the code applied
to actions for libel, and no question was raised in the
argument as to the applicability of the amending act to
pending suits, or its constitutionality as to them, if held
applicable.    This court, in the case just mentioned,
considered the first of these questions, and decided that
the act did apply to actions pending at the time of its
passage, but did not discuss it *in extenso* in the opinion.

The constitutional question was not considered or decided in that case. We will now examine both of them.

As stated in the case above cited, the language of the act seems sufficiently broad and comprehensive to include pending actions. The law, as amended, reads: "Nor shall *any action* of tort for the recovery," etc., "abate by the death of either party." The words "any action" may as well mean any action now in existence as any action hereafter commenced, and it is not straining to give them this interpretation. In *Bailey* v. *The State*, 20 *Ga.* 742, very similar reasoning is used. The legislature had passed an act declaring "who are qualified to serve as jurors in criminal cases," and its first section enacted that certain described persons shall be "liable to serve as jurors upon the trial of all criminal cases." The second section began: "When any person stands indicted," etc. Judge Benning said: "*Criminal cases* is an expression that includes criminal cases of every sort." "*All criminal cases* includes criminal cases of every kind." "*Any person* is a universal term." The act in question was accordingly held applicable to cases happening before its passage. A Vermont act providing that in case of the removal of sheriff or high bailiff from the State, an action of *scire facias* may be brought directly upon the recognizance of such officer, was held to apply to all causes of action, whether existing at the time it took effect or accruing thereafter, although the act contained no provision expressly applying it to pending actions. Hine v. Pomeroy, 39 Vt. 211.

In Kimbray v. Draper, L. R. 3 Q. B. Div. 160, it was held that a statute requiring plaintiffs to give security for costs in certain cases applied to such cases then pending, citing Wright v. Hale, 6 H. & N. 227, in which it was held that when the plaintiff in any action recovers less than five pounds, he shall not be entitled to any costs if the judge certifies to deprive him of them,

and the judge may so certify in an action commenced before the passage of the act. In Hepburn *v.* Curts, 7 Watts, 300, it was held that the legislature may pass laws affecting "suits pending, and give to a party a remedy which he did not previously possess, or modify an existing remedy, or remove an impediment in the way of recovering redress by legal proceedings." An action of *assumpsit* was proceeding in the name of a firm which included among its members one Samuel Hepburn, against another firm of which the same man was also a member. Defendants insisted that the suit could not be maintained, because the same person was among both the plaintiffs and the defendants. The objection was sustained, and a bill of exceptions taken. While these proceedings were pending, the legislature passed an act providing, in effect, that an action brought by one firm against another should not abate by reason of one individual being a member of both firms, and it was held that this act applied to the case then pending.

A married woman sued alone for personal injuries to herself, when she had no right to bring such action without being joined therein by her husband. While her case was pending, the legislature of Wisconsin passed an act authorizing married women to bring such suits alone, and it was held that this act applied to her pending suit and made it good, even though it must have been abated if a motion to that effect had been made before the passage of the act. McLimans *v.* City of Lancaster, 63 Wis. 596. This act was also distinctly held not to be unconstitutional, although retroactive as to the case pending, because it affected only the remedy. In Weldon *v.* Winslow, L. R 13 Q. B. Div. 784, it was held that a married woman might, by virtue of the married woman's property act of 1882, sue alone for a tort committed before the act came into operation, the law before the passage of that act being that she could not sue without joining her husband with her in the action.

Being satisfied that our act of 1889, now under consideration, was intended to, and does, apply to pending actions, we will now inquire into its constitutionality. It will be noticed that some of the following authorities are also applicable to the question just disposed of. Section 6 of the code provides that "Laws looking only to the remedy or mode of trial, may apply to contracts, rights and offences entered into, or accrued or committed prior to their passage." The constitution of 1865 forbade the passage of "Retroactive laws, injuriously affecting any right of the citizen." No provision against retroactive legislation appears in the constitution of 1868. That of 1877 forbids the passage of a "retroactive law." Construing together the above constitutional provisions in connection with the section of the code cited, we take it that they all amount to substantially the same thing, and mean that retroactive laws which do not injuriously affect any right of the citizen— that is to say, laws curing defects in the remedy, or confirming rights already existing, or adding to the means of securing and enforcing the same—may be passed. In *Boston & Gunby* v. *Cummins*, 16 *Ga.* 102, it was held that "Retrospective laws often operate for the benefit of society, and to repudiate them altogether would be to obliterate a large portion of the statute law of the State"; and accordingly, it was ruled that a registry act requiring deeds to be recorded within a limited time applied to deeds executed before the passage of the act. In the same volume, in *Knight, adm'r,* v. *Lasseter, adm'r,* page 151, it was held that an act operating only on the remedy, though retrospective, was not . unconstitutional.

The legislature of Mississippi passed an act authorizing a court of chancery to refuse confirmation of a sale, provided the party objecting to the confirmation would make a certain bond; and it was held that the provi-

sions of this act applied to a sale made under a mort-
gage executed prior to the passage of the act, and that
as the act affected the remedy only and not the mort-
gagee's contract rights, it was not, therefore, unconstitu-
tional.   Before the passage of this act, the power of a
chancery court to set aside a sale was much more lim-
ited.   Chaffe & Sons v. Aaron, 62 Miss. 29.

It is not unconstitutional for the legislature to take
away a right which is not vested, but contingent upon
some event subsequent to the date of the statute.   Be-
fore the occurrence transpires upon which an inchoate
right is to become vested and unalterable, a law may
be passed providing, in effect, that the happening of
such occurrence shall not make that right complete.
Thus, a joint tenancy may be converted into a tenancy
in common, thereby destroying the right of survivor-
ship, and the statute will apply to estates already vested
at the time of its enactment.   Burghardt v. Turner, 12
Pick. 538; Bambaugh v. Bambaugh, 11 S. & R. 191.

So an estate tail may be changed into a fee simple,
and thereby destroy a remainder limited upon the fee
tail.   De Mill v. Lockwood, 3 Blatchf. 56.   It has been
often held that the right of dower, before it becomes
consummated by the death of the husband, may be taken
away or changed at the pleasure of the legislature.
Lucas v. Sawyer, 17 Iowa, 517; Noel & Wife v. Ewing
et al., 9 Ind. 37; Hamilton v. Hirsch and Hayden, 2
Wash. Ter. 223; Morrison v. Rice, 35 Minn. 436; Hen-
son v. Moore, 104 Ill. 403; Barbour v. Barbour, 46 Me.
9; 7 Lawson's Rights, Rem. & Pr. §3867; 1 L. C. Real
Prop. 300, and cases cited; 2 Hare's Am. Const. Law,
824; Cooley's Const. Lim. (6th ed.) 440 et seq. ' In Will-
bur v. Gilmore, 21 Pick. 250, it was held that an act
allowing an action to be brought by an executor for
an injury in the lifetime of his testator was not uncon-
stitutional, even when applied to a trespass committed

before this act went into operation, inasmuch as it affected the remedy only.

" The presumption against a retrospective construction has no application to enactments which affect only the procedure and practice of the courts, even where the alteration which the statutes make has been disadvantageous to one of the parties. . . A law which merely alters the procedure may, with perfect propriety, be made applicable to past as well as future transactions. . . No person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading. He has only the right of prosecution or defence in the manner prescribed, for the time being, by or for the court in which he sues; and if a statute alters that mode of procedure, he has no other right than to proceed according to the altered mode. The remedy does not alter the contract or the tort; it takes away no vested right; for the defaulter can have no vested right in a state of the law which left the injured party without, or with only a defective, remedy." Endlich on Interp. of Stat. §285, and cases cited. See, also, §§286, 287. " No person can claim a vested right in any particular mode of procedure for the enforcement or defence of his rights. . . A remedy may be provided for existing rights, and new remedies added to or substituted for those which exist." See Sutherland on Stat. Constr. §482, and cases there cited. Judge Cooley lays it down as a rule that " a party has no vested right in a defence based upon an informality not affecting his substantial equities." Cooley on Const. Lim. 454.

In New Orleans v. Clark, 95 U. S. 644, the court held: " It is competent for the legislature to impose upon a city the payment of claims just in themselves, for which an equivalent has been received, but which,

from some irregularity or omission in the proceedings creating them, cannot be enforced at law." This legislation was held not to be within the provision of the constitution of Louisiana inhibiting the passage of a retroactive law. The constitution of Louisiana contains a provision similar, in effect, to that of our own.

"The best general rule laid down touching the validity of such statutes is given in 1 Kent's Com. 456, where it is stated that statutes which go to confirm existing rights, and in furtherance of the remedy by curing defects, and adding to the means of enforcing existing obligations, are clearly valid." See notes to Goshen *v*. Stonington, 10 Am. Dec., beginning on page 131.

"Any statute which changes or affects the remedy merely, and does not destroy or impair vested rights, is not unconstitutional, though it be retrospective, and although in changing or affecting the remedy the rights of parties may be incidentally affected." Rich *v*. Flanders, 39 N. H. 304. The decision in this case was made in construing a statute making competent as witnesses persons who were not so before, and it was held applicable to pending suits, the act expressly so declaring. Sargeant, J., who delivered the opinion, quotes and adopts the following language of Daniel Webster in his argument in the case of Foster *v*. Essex Bank, 16 Mass. 245 : "A distinction must be made between acts which affect existing rights, or impose new obligations, and acts which give new remedies for existing rights, and enforce the performance of previous obligations." See, also, cases cited in Rich *v*. Flanders. In California, it was held that an act requiring a purchaser of property sold for delinquent taxes to give notice of the expiration of the time of redemption was constitutional, and applied to sales previously made. Oullahan *v*. Sweeny, 12 Am. St. Rep. 172.

"A statute altering the mode of proceeding in point

of form, in a suit pending when the act passed, so as to prevent a delay and hasten the time of trial, is not unconstitutional. Such an act will be construed liberally, and general words, not expressly prospective, will be applied to a pending proceeding. The rule that a statute should not be so construed as to affect vested rights does not apply to a statute which alters the form of the remedy merely." People, *ex rel.* Israel, *v.* Tibbets *et al.*, 4 Cowen, 384.

We have quoted copiously from the numerous authorities above cited, making little comment thereon, because they seem to be strongly in point, and sustain the doctrine sought to be established more forcibly than would, perhaps, any language of our own. The case of *Wilder* v. *Lumpkin*, 4 Ga. 208, cited by counsel for the defendant in error, is not in conflict with our conclusions in the case at bar, either as to the applicability of the act of 1889 to pending actions, or to its constitutionality. That case was ruled, mainly, upon the ground that the act of 1847, providing "it shall not be necessary to make securities on appeal and injunction bonds parties to writs of error," was not *intended* to apply to cases pending at the time of its passage. Judge Nisbet says, in effect, that the legislature did not contemplate that the act should have retrospective operation, because, by its own terms, it is made to take effect *from and after its passage.* No such language appears in the act of 1889. This great and learned judge then proceeds to discuss the question of the constitutionality of the act of 1847, as to its applicability to pending cases, and concludes that, so applied, it would not be constitutional. It appears that the rights of Lumpkin, the defendant in error, had been fixed *by a judgment,* and a subsequent statute affecting the manner in which that judgment might be set aside affected, not merely the remedy, but *the right itself.* Judge Nisbet lays great stress upon this idea, and after referring to Lumpkin's

rights under the judgment in his favor, remarks that
"to give the law a retrospective operation, would be to
divest rights which had already vested in the defendant
in error." We will not follow him further through the
opinion delivered in this case. It evidences consider-
able research, great ability and much learning, and has
become celebrated. Of the correctness of the decision,
in so far as it holds that the act was not intended to be
applicable to pending cases, there can be no doubt; and
if a distinction between that case and the one at bar,
on the constitutional question, cannot be soundly rested
on the fact that Lumpkin's rights were vested because
fixed by a judgment, we will only add that we do not
feel constrained to adopt every assertion made in the
splendid argument of our illustrious predecessor.

The act of the legislature of Tennessee, construed in
the case of Chicago, etc. R. R. Co. v. Pounds, which
case was relied on by counsel for the defendant in error,
as will be seen by an examination of the same, not only
affected the remedy, but gave a new, distinct and addi-
tional cause of action, which, of course, could not con-
stitutionally be done. 15 Am. & Eng. R. R. C. 510.
The same criticism is applicable to the case of Osborne v.
City of Detroit, 18 Am. & Eng. Cor. C. 230. In the
latter case an act limiting the amount of recovery to be
had for injuries occasioned by a defective sidewalk was
held not applicable to pending suits. So it appears in
that case, that not only was the plaintiff's remedy af-
fected, but also the measure of his damages, a substan-
tial matter.

After a careful consideration of the questions involved
in this case, and in view of the authorities cited, we
affirm the ruling made by this court in the case of John-
son v. The Bradstreet Co., that the act of 1889 is appli-
cable to actions pending at the time of its passage; and
we rule in the present case that this act, when so ap-
plied, is not unconstitutional.        Judgment reversed.