34444. BIDDLE, Administrator, etc. *v.* MOORE.

DECIDED JANUARY 31, 1953.

Gleason & Painter, A. W. Cain Jr., for plaintiff in error.

Folts, Brammer, Bishop & Thomas, Shaw & Shaw, contra.

TOWNSEND, J. Clarence Biddle died on January 24, 1952. On February 15, 1952, the legislature enacted the following (Ga. L. 1952, p. 245, Code, Ann Supp., § 105-1310): "Where death of a human being results from a crime or from criminal or other negligence the personal representative of such deceased person shall be entitled to recover for the funeral, medical, and other necessary expenses resulting from the injury and death of the deceased person." On the same day the legislature further amended Code § 3-505 to provide that *no cause of action* for the recovery of damages for homicide, injury to person, or injury to property shall abate by the death of either party, but such cause of action shall, in the event of no right of survivorship to another, survive to the personal representative of the deceased plaintiff. See Ga. L. 1952, p. 224. The sole

issue is whether these acts can apply so as to save the plaintiff's cause of action. In order to so apply, they must be given a retrospective effect. "The general rule is that laws prescribe only for the future, and usually will not be given a retrospective operation. Code, § 102-104; *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861 (193 S. E. 770), and cit. They will be given a retroactive effect, however, when the language imperatively requires it, or when an examination of the act as a whole leads clearly to the conclusion that such was the legislative purpose. It is at last and always a question of legislative intent." *Barnett* v. *D. O. Martin Co.,* 191 *Ga.* 11, 12 (11 S. E. 2d, 210, 131 A.L.R. 725). Where the legislative intent is not expressly stated, it is to be presumed that the intent was that the legislation be prospective in effect. *Bussey* v. *Bishop,* 169 *Ga.* 251 (1) (150 S. E. 78). The Constitution of this State (Art. I, Sec. III, Par. II; Code, § 2-302) provides that no retroactive law or law impairing the obligation of contracts shall be passed. However, as is pointed out by counsel for the plaintiff in error, legislation remedial in its effect may be held valid, although retroactive in effect. In *Pritchard* v. *Savannah Street & Rural Resort R. Co.,* 87 *Ga.* 294, 299 (13 S. E. 493), it is held in part: "The remedy does not alter the contract or the tort; it takes away no vested right; for the defaulter can have no vested right in a state of the law which left the injured party without, or with only a defective, remedy. . . Statutes which go to confirm existing rights, and in furtherance of the remedy by curing defects, and adding to the means of enforcing existing obligations, are clearly valid." The acts authorizing an administrator to recover for the hospital, medical, and funeral expenses of the decedent, however, cannot be said to "confirm existing rights," or "further a remedy" in the administrator, for, as pointed out in *Davis* v. *Atlanta Gas Light Co.,* 82 *Ga. App.* 460 (61 S. E. 2d, 510), no such right of action existed in the administrator, and it was to create such right of action that the legislation here involved was passed. The fact that no such right of action existed was, ipso facto, a perfect defense for the tort-feasor, when sued by the personal representative of an estate, as to these items of damage. It has been held that a right of defense should be held as inviolate as a right of action.

*Bussey* v. *Bishop,* supra. In *Thomas* v. *Town of Savannah Beach,* 66 *Ga. App.* 178 (17 S. E. 2d, 747), it was held that an act, passed subsequently to the death of the claimant's husband, changing the amount which might be set off by an employer in a workmen's compensation proceeding, was not applicable, since "any rights which the employer or the tort-feasor may have had as respected the amount recoverable against either of them were fixed and vestéd as of the date of the homicide and could in no wise be changed by any subsequent statute."

The general rule is that in actions for wrongful death, where a subsequent statute changes the rights of the parties, the rule against retrospective operation of the statute is rigidly enforced. 77 A.L.R. 1340; 17 C.J. 1195, § 43. It was specifically held in Regan *v.* Davis, 290 Pa. 167 (138 Atl. 751, 54 A.L.R. 1073), that a statute authorizing the recovery of medical and funeral, expenses by the personal representative of the estate in cases of wrongful death confers upon such representative a "new substantive right," and that such statute may not be given a retrospective effect so as to apply to the estate of one who died prior to its passage.

Accordingly, since the statutes here under discussion confer a new right upon the plaintiff, and are not remedial only, and since nothing therein contained suggests an intent to give such acts a retrospective effect, it must be held that the petition here did not state a cause of action for the items sought to be recovered.

The trial court did not err in sustaining the oral motion to dismiss the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*