Mildred HARE

v.

**UNITED AIRLINES CORPORATION,** Lowell E. Thomas and General Telephone & Electronics Corporation d/b/a General Telephone and Communications.

Civ. A. No. 11702.

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 5, 1968.

Glenn Frick and Jack Floyd, Martin & Floyd, Gadsden, Ala., Lokey & Bowden, Atlanta, Ga., for plaintiff.

N. Forrest Montet, Atlanta, Ga., for United Airlines.

Gambrell, Russell, Moye & Killorin, Atlanta, Ga., for Lowell E. Thomas and Gen. Telephone & Electronics Corp. d/b/a Gen. Telephone & Communications.

ORDER

EDENFIELD, District Judge.

In this diversity action for damages brought against defendant General Telephone & Electronics Corporation (G, T&E), among others, alleging a negligent act of an agent of G, T&E leading to plaintiff's injury, an order was entered on July 9, 1968 denying G, T&E's motion to dismiss. This court held that G, T&E was subject to its jurisdiction in that it could be served under the

Georgia "long-arm" statute, Ga. Code Ann. § 24–113.

G, T&E now moves for reconsideration and for an oral hearing to show two things: First, that it is not a foreign corporation qualified or doing business in the State of Georgia and therefore is not subject to this court's jurisdiction; and second, that the Georgia "long-arm" statute did not apply to corporations at the time of the alleged tort, and a retroactive application of the "corporation amendment" to that statute would be unconstitutional.

As to movant's prayer for an oral hearing, Local Rule 8(d) provides, in part, that motions shall be decided by the court unless otherwise ordered by the court in its discretion upon request of counsel. Here, there are no facts in dispute, and only a question of law is presented. Inasmuch as movant has had an opportunity to urge its position fully by brief (plaintiff having chosen not to respond), the court feels that an oral hearing is unnecessary.

■ Proceeding, then, to movant's first assertion, that of not being qualified or doing business in Georgia, it can only be said that no party or the court disputes that fact. But it is not relevant. The court pointed out in its July 9 order (page 5) that a different result might obtain were service founded upon an idea of doing business. But Ga. Code Ann. § 24–113(b) bases jurisdiction upon the commission of a single tortious act within the State. The July 9 order went to some lengths to show the constitutional validity of such a statute, and it is unnecessary to do so again here. It suffices to say that it is a settled rule. See Elkhart Eng. Corp. v. Dornier Werke, 343 F.2d 861 (5th Cir., 1965).

Movant's other ground sets out the following facts: Wilen Mfg. Co., Inc. v. The Standard Products Co., C.A. No. 10532, N.D.Ga., March 22, 1967, held that the Georgia long-arm statute did not apply to corporations. The General Assembly of Georgia then amended the Act specifically to include corporations, Ga. Laws, 1968, p. 1419, including a section

expressly withholding any intention as to the meaning of "non-resident" before the effective date of the amendment. In order to place G, T&E within this court's jurisdiction, then, the "corporation amendment" to the long-arm statute would have to be applied retroactively. This, movant urges, would violate principles of due process of law.

■ Looking to the question of retroactive application of statutes, it is a general rule that, absent express legislative intent, statutes are not to be construed as having a retroactive effect. Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340 (1939). A Georgia statute, Ga. Code Ann. § 102–104, states this rule and an exception to it:

> "Laws looking only to the remedy or mode of trial may apply to * * * rights * * * accrued * * * prior to their passage."

Movant recognizes this rule, but urges that it is inapplicable here, citing Focht v. American Casualty Co., 103 Ga.App. 138, 118 S.E.2d 737 (1961). There the Georgia Court of Appeals held that a statute providing for service through the Secretary of State upon a nonresident who had been a resident at the time of commission of a tort could not be applied retroactively to one who had removed from the state before passage of the statute. In addition to holding that there was legislative intent of prospective application, the court held that the amendment created a new right and did not merely "apply to * * * the remedy * * * or mode of trial". In that it thereby forced the former resident to litigate in the Georgia courts where that obligation did not exist before, the new obligation could not be applied retroactively.

■ The facts here are disturbingly similar to *Focht;* but they are equally similar, if not more so, to those in Pritchard v. Savannah St. & P. R. R. Co., 87 Ga. 294, 13 S.E. 493, 14 L.R.A. 721 (1891), where the Supreme Court of Georgia reached an opposite conclusion. In that case, an action was pending

when an amending statute was passed providing a remedy which otherwise would not have been available. In that case, Justice Lumpkin, in a very well reasoned opinion, sets out the differences between statutes "affecting the remedy" and those "creating a new right". The test is that:

"* * * (L)aws curing defects in the remedy, or confirming rights already existing, or adding to the means of securing and enforcing the same, may be passed." 87 Ga. at 297, 13 S. E. at 494.

Where contracts, rights, and offenses are not affected *in themselves*, but are merely extended or given greater breadth through an effect upon their means of operation—the remedy—then the statute doing so may be allowed. Applying this test here, the controlling fact is that the "corporation amendment" to the long-arm statute does not create a right of action against corporations. Had a corporation been subject to the jurisdiction of the court prior to the amendment, it clearly could have been sued. The amendment was just such a "new remedy for existing rights" as is contemplated in *Pritchard*.[1] While a statute may not retroactively divest a vested right, an extension of jurisdiction merely broadens the means of securing a right, and must be allowed.

" 'The presumption against a retrospective construction has no application to enactments which affect only the procedure and practice of the courts, even where the alteration which the statutes make has been disadvantageous to one of the parties. * * * A law which merely alters the procedure may, with perfect propriety, be made applicable to past as well as future transactions. * * * No person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading. He has only the right of prosecution or defense in the manner prescribed, for the time being, by or for the court in which he sues; and if a statute alters that mode of procedure, he has no other right than to proceed according to the altered mode. The remedy does not alter the contract or the tort. It takes away no vested right, for the defaulter can have no vested right in a state of the law which left the injured party without, or with only a defective, remedy.' End. on Interp. St. § 285, and cases cited. See, also, sections 286, 287. 'No person can claim a vested right in any particular mode of procedure for the enforcement or defence of his rights. * * * A remedy may be provided for existing rights, and new remedies added to or substituted for those which exist.' See Suth. St. Const. § 482, and cases there cited. Judge Cooley lays it down as a rule that 'a party has no vested right in a defense based upon an informality not affecting his substantial equities.' Cooley, Const. Lim. 454." *Pritchard*, supra, at 299, 13 S.E. at 495.

The court concludes that the *Pritchard* case is controlling here and that General Telephone & Electronics is properly before the court. The motion for reconsideration and oral hearing is therefore denied.

1. While this case is controlled by the Georgia law, it is worthwhile to note that the court's conclusion here is the same as that made by the United States Supreme Court in McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). In that well-known case, the California statute extending jurisdiction to allow suit against the Texas insurance company was enacted two years after the insurance contract was executed. The court held the statute was "remedial, in the purest sense of that term, and neither enlarged nor impaired * * * substantive rights or obligations * * *. It did nothing more than to provide [a] * * * forum to enforce whatever substantive rights she might have * * *." 355 U.S. at 224, 78 S.Ct. at 201. There is, however, much dispute and discussion in the area. See the extensive treatment and citation of authority and comment in Hardy v. Rekab, Inc., 266 F.Supp. 508, 513–517 (D. Md., 1967).