BITUMINOUS CASUALTY CORPO-
RATION et al.

v.

R. D. C., INC., The City of Chattanooga,
Tennessee, d/b/a Electric Power Board
of Chattanooga and Henry Burchard.

R. D. C., INC.,

v.

SOUTHERN UNIVERSAL MANUFAC-
TURING COMPANY, formerly known
as Southern Universal Textile Proces-
sors, Inc.

Civ. A. No. 2324.

United States District Court,
N. D. Georgia,
Rome Division.

Dec. 17, 1971.

E. Lamar Gammage, Jr., Cedartown,
Ga., for plaintiffs.

Luther, Anderson and Ruth, Chatta-
nooga, Tenn., Stolz, Fletcher & Watson,
Lafayette, Ga., for R.D.C. and Henry
Burchard.

L. Hugh Kemp, Dalton, Ga., and Oscar
M. Smith, Rome, Ga., for The City of
Chattanooga.

ORDER

O'KELLEY, District Judge.

This is an action by four insurers, as
subrogees, against the defendants for
recovery of $398,502.75 paid to their in-
sured Manhattan Sponging Works, Inc.,
which was allegedly a tenant in premises
owned by defendant R.D.C., Inc. of Ross-
ville, Georgia. That amount was paid to
Manhattan for its property destroyed by
fire which is alleged to have been negli-
gently caused by the actions of defend-
ants.

The plaintiffs are all non-residents of
Georgia. Defendant R.D.C., Inc. is a
Georgia corporation located in Rossville.
The City of Chattanooga d/b/a/ Electric
Power Board of Chattanooga is a munic-
ipality of Tennessee with its principal
offices in said City. Henry Burchard is
a resident of Dade County, Georgia.

Jurisdiction is asserted over the City
of Chattanooga d/b/a Electric Power
Board by virtue of its transaction of
business within this State as contemplat-
ed by Georgia Code Ann. § 24–113.1.
(The Long Arm Statute).

Plaintiffs allege that the City of Chattanooga d/b/a Electric Power Board, owns and operates a franchise from the City of Rossville to furnish electric power and electrical facilities to an industrial complex owned and operated by R.D.C., Inc. in Rossville. Burchard was an employee of R.D.C., Inc. on June 10, 1967 when a fire resulted from the alleged negligence of the defendants.

Plaintiffs allege that various acts and omissions by defendants contributed to and caused that fire which destroyed Manhattan's property for which plaintiffs were obliged to pay Manhattan the claimed amount.

Defendant Chattanooga has filed a motion to dismiss the Complaint upon several grounds (all of which will not be dealt with herein). The first specific grounds are for (1) lack of jurisdiction over defendant, (2) improper venue, (3) insufficiency of process and, (4) insufficiency of service of process.

■ Plaintiff argues that since that fire occurred in June 1967, jurisdiction over this defendant was not conferred because the term "non-resident" as used in Georgia Code Ann. § 24–113.1, as amended 1966, did not include corporations. Section 24–117, as amended 1968, defines a "non-resident" as including a corporation as used in § 24–113.1.

This theory of plaintiffs must fall, however, in view of this Court's recent decision of Griffin v. Air South, Inc., 324 F.Supp. 1284 (N.D., Ga., 1971) wherein it was held:

"In Hare v. United Airlines Corp., 295 F.Supp. 860 (N.D., Ga., 1968), this Court considered the question of whether the 1968 amendment to § 24–117 (Ga.Laws, 1968, p. 1419), which specifically included corporations in the meaning of the term 'non-resident,' should be held retroactive. We considered Ga.Code Ann. § 102–104,[2]

2. Ga.Code Ann. § 102–104 states, in pertinent part: 'Laws looking only to the remedy or mode of trial may apply to * * * rights * * * accrued * * * prior to their passage.'

as well as Focht v. American Casualty Co., 103 Ga.App. 138, 118 S.E.2d 737 (1961) (holding no retroactive application), and Pritchard v. Savannah St. & R. R. R. Co., 87 Ga. 294, 13 S.E. 493, 14 L.R.A. 721 (1891) (holding retroactive application). We accepted the test in *Pritchard* as stating the correct rule: '[L]aws curing defects in the remedy, or confirming rights already existing, or adding to the means of securing and enforcing the same, may be passed.' 87 Ga. at 297, 13 S.E. at 494. Applying that test to § 24–113.1(c), we find that it does not change the right against a defendant. As we said in *Hare*: 'Had a corporation been subject to the jurisdiction of the court prior to the amendment, it clearly could have been sued.' 295 F. Supp., at 862. That is exactly the case here, and the amendment only adds 'to the means of securing and enforcing' a preexisting right. The Court concludes, as we did in *Hare, supra*, that *Pritchard, supra*, is controlling and that Beech was properly served under § 24–113.1(c)."

The thrust of defendant Chattanooga's argument is that a non-resident corporation may not be subjected retroactively to the jurisdiction of this State and Court by virtue of § 24–113.1. This contention is laid to rest by Griffin v. Air South, Inc., *supra*.

Its next argument relates to insufficiency of process and service thereof. Movant contends that without jurisdiction the process and service are meaningless. There is no showing of any irregularity in the process or service thereof. Service was by a U.S. Marshal upon the Mayor of the City of Chattanooga. Service was made pursuant to Ga.Code Ann. § 24–115. Therefore, the Court finds that the jurisdictional issue withstands the challenge. The Court having jurisdiction, it proceeds to determine another of movant's grounds for dismissal of the Complaint.

■ Defendant moves to dismiss because defendant, City of Chattanooga d/b/a Electric Power Board of Chatta-

nooga, has never received any notice of a claim against the municipality or the Board arising out of the alleged cause of action as required by Ga.Code Ann. § 69–308. It moves also on the basis that plaintiffs have not alleged that said notice has been given as required by that section.

Ga.Code Ann. Section 69–308 provides in part:

"Demand prerequisite to suit for injury to person or property; suspension of limitations.—No person, firm or corporation, having a claim for money damages against *any* municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority for adjustment: . . ." [Emphasis Added.]

The Georgia Court of Appeals held in City of Atlanta v. Barrett, 102 Ga.App. 469, 471–472, 116 S.E.2d 654, 656 (1960) that:

"It is well established in Georgia that failure to comply with the provisions of this law within the time required thereby is a bar to any right of action against a municipality (Saunders v. City of Fitzgerald, 113 Ga. 619, 38 S.E. 978; Newton v. City of Moultrie, 37 Ga.App. 631, 141 S.E. 322), and that *the giving of such notice is a condition precedent to the bringing of any action against a municipality*. City of Atlanta v. Scott, 66 Ga.App. 257, 18 S.E.2d 76.

"While it is true that the Supreme Court has held in at least one case that the requirement of notice is a mere segment or element of the general subject and is inseparable from the requirement as to the time within which such notice must be given (City of Atlanta v. Hudgins, 193 Ga. 618, 631, 19 S.E.2d 508), no ruling has been called to our attention which holds that the time element is not a statute of limitations. A statute of limitations is any law which fixes the time within which parties must take judicial action to enforce rights or else be thereafter barred from enforcing them. Prudential Insurance Co. v. Sailors, 69 Ga.App. 628(4), 26 S.E.2d 557. While the giving of the notice is a condition precedent to the bringing of an action, the giving of such notice is at once part and parcel of the enforcement of the right and it is an inseparable part of the bringing of the action. It is a part of the procedure for enforcing the right and as such *it must affirmatively appear in the petition*, either in the body thereof or by an exhibit thereto that such notice has been given. *A petition which does not thus affirmatively show the performance of the condition precedent is subject to general demurrer*. Hooper v. City of Atlanta, 26 Ga.App. 221(3), 105 S.E. 723. We, therefore, conclude that the requirement that the notice be given within six months from the date of the injuries or else that the action therefor be forever barred is itself a statute of limitations and subject to the general law of this State with respect to the tolling of statutes of limitations." [Emphasis Added].

Plaintiffs contend that the notice requirement does not apply to acts done by a municipality in its ministerial or proprietary capacities, so that their insured was excused from giving such notice to the City of Chattanooga d/b/a Electric Power Board.

The Court disagrees.

Under the provisions of § 69–301, a municipal corporation shall be liable for

**1166**

neglect to perform, or for improper or unskillful performance of its ministerial or proprietary duties. Taylor v. King, 104 Ga.App. 589, 592, 122 S.E.2d 265 (1961). *Taylor* stands for the premise that notice must be given to hold liable a municipality for negligent ministerial acts. A conjunction of McKay v. Atlanta, 30 Ga.App. 797, 57 S.E.2d 432 (1950) (paving of streets is a ministerial function) and City of Atlanta v. Scott, 66 Ga.App. 257, 18 S.E.2d 76 (1941) (notice required for injury resulting from paving) establishes the same rule.

Plaintiffs contend that the ante litem statute (Ga.Code Ann. § 69–308) applies only to municipalities located in the State of Georgia. They maintain that the Georgia General Assembly has no power or authority to enact any law requiring notice to a municipal corporation in Tennessee. No authority has been cited for this proposition, nor has the Court found any case in point.

The ante litem statute reads in part that no suit shall be filed "against *any* municipal corporation" except as provided. In other statutes the General Assembly used language such as "municipal corporations of this State." (See Ga.Code Ann. §§ 69–1602, 69–1603, 69–1701, 69–1702, 69–1703, 69–1709; 69–1201 et seq.; 69–1501 et seq., 69–902, 69–309, 69–315, 69–401 et seq., 69–503, 69–601 et seq.; 69–701 et seq., 69–801 et seq.) Thus, it would appear that the legislature did not intend to limit the notice requirement (or ante litem provisions) only to municipalities of this State. If that had been intended they should have so said. Instead the word "any" preceded municipal corporations, thus indicating the intent to be all inclusive.

There being no allegation of notice to the City of Chattanooga, no showing that the 6-month statute of limitation was tolled and upon the affidavit of Hiram Tripp, Safety Director of the Electric Power Board of Chattanooga, that, ". . . there is no notice of any claim or record of the claim of the plaintiffs . . .," the Court finds and

concludes as a matter of law that defendant's motion to dismiss must be granted. Plaintiffs having failed to state a claim upon which relief can be granted, City of Atlanta v. Barrett, *supra*, defendant's motion to dismiss is treated as one for summary judgment under Rule 56, F.R.C.P. as provided for under Rule 12(b), F.R.C.P.

The Court notes that Tennessee has a like ante litem statute pertaining to municipal corporations, to which there has been no adherence, which precludes any argument that Tennessee's ante litem statute should control.

In view of the above ruling, the Court does not deal with the other grounds of the motion to dismiss as filed by the City of Chattanooga.