**David WILLIAMS, Jr., Plaintiff,**

v.

**Johnny POSEY, David Stalvey, B. T. Osborne, Leslie Summerford, Individually and in their capacity as police officers, Albany Police Department, City of Albany, Defendants.**

**Civ. A. No. 79–3–ALB.**

United States District Court, M. D. Georgia, Albany Division.

Aug. 23, 1979.

**134**

S. L. Tucker, Albany, Ga., for plaintiff.

James V. Davis, C. Richard Langley, Albany, Ga., for defendants.

OWENS, District Judge:

Plaintiff has sued the City of Albany and several of its police officers under 42 U.S.

C.A. § 1983 for violations of his constitutional rights occasioned by a beating he allegedly suffered at the hands of the police officers. The City has moved for summary judgment on the ground that the plaintiff failed to give it *ante litem* notice of the claim as required by Ga.Code Ann. § 69–308. The motion presents the question of whether Georgia's *ante litem* notice requirement is applicable to lawsuits in federal courts brought under federal civil rights statutes. This is a question of first impression because until the Supreme Court's decision in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), municipalities were not persons suable for damages under § 1983.

The *ante litem* notice statute provides in part:

> No person, firm or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have first presented to said governing authority for adjustment: . .. . .

 Since the State of Georgia cannot impose conditions precedent to the right of the plaintiff to proceed under 42 U.S.C.A. § 1983, this statutory requirement does not apply to § 1983 actions. By its terms § 69–308 applies to claims for money damages on account of negligence attributable to the municipality. Furthermore, under Georgia law a city may be sued only for the negligent, improper or unskillful performance of its ministerial duties. Ga.Code Ann. § 69–301; *Bituminous Cas. Corp. v.*

*R.D.C., Inc.*, 334 F.Supp. 1163 (N.D.Ga. 1971). In order to prevail in this action, however, the plaintiff must prove that some policy, practice, ordinance or regulation of the city has deprived him of his rights under the Constitution of the United States. *Monell, supra.* An action against a city under § 1983 is materially different than a negligence suit required to be submitted for adjustment under § 69–308. Therefore § 1983 provides a remedy independent of any provided by state law and, consequently, the *ante litem* notice requirement does not apply to § 1983 actions. *See Mathias v. City of Milwaukee Dept. of City Development,* 377 F.Supp. 497 (E.D.Wis.1974); *Luker v. Nelson,* 341 F.Supp. 111 (E.D.Ill.1972).

Accordingly, the City's motion for summary judgment is hereby DENIED.