Claire V. ROBINETTE, Plaintiff,

v.

Officer Lee JOHNSTON, Albany Police Department, and the City of Albany, Albany, Georgia, Defendants.

Civ. A. No. 85–217–ALB–AMER.

United States District Court,
M.D. Georgia,
Albany-Americus Division.

June 17, 1986.

Vincent J. Falcone, Oldham & Falcone, Cuyahoga Falls, Ohio, for plaintiff.

C. Nathan Davis, Burt, Burt & Davis, Leonard Farkas, Albany, Ga., for defendants.

## ORDER

FITZPATRICK, District Judge.

This matter comes before the court on motions of defendant City of Albany for partial summary judgment and to dismiss the complaint on the ground that it is barred by the applicable statute of limitations. Defendant Officer Lee Johnston likewise moves to dismiss on the ground that the suit is time barred.

The complaint alleges that on September 20, 1983, John Larry Pethtel was shot and killed by defendant Lee Johnston, who was acting within the scope of his duties as an officer of the City of Albany Police Department. Plaintiff, a resident of Ohio, is the mother of Pethtel. Count One of the com-

plaint is a wrongful death action brought pursuant to Georgia law, and is in this court by virtue of the diversity of the citizenship of the parties. Count Two is also a state law negligence claim, and seeks damages for Pethtel's pain and suffering. Counts Three and Four allege violations of 42 U.S.C.A. § 1983 (West 1981), for which plaintiff seeks actual as well as punitive damages.

The complaint was filed in this court September 18, 1985, the day before the statute of limitations would have run. Service was not perfected on either defendant until January 6, 1986, some 110 days later.

## I.

In its motion for partial summary judgment, the City contends that plaintiff is precluded from pursuing her state negligence claims against it because she failed to give the City the requisite ante litem notice. The plaintiff does not allege that such notice was actually given by her, but contends that it is sufficient that the City had knowledge of the "what, where, when and how" of plaintiff's claim. (Brief of Plaintiff at p. 2.)

The Georgia ante litem notice statute provides in pertinent part:

(a) No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in subsection (b) of this Code section.

(b) Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. *No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.*

O.C.G.A. § 36–33–5 (1982)(emphasis added).

The purpose of ante litem notice is to "apprise the City of the claim in order for it to determine whether or not to adjust the claim without suit." *Jones v. City of Austell*, 166 Ga.App. 808, 809, 305 S.E.2d 653, 654 (1983).

In *Jones*, the plaintiffs contended that their tenant's written notice to the city of a personal injury claim, coupled with their own insurance carrier's subrogation notice letter, was sufficient notice to the city of plaintiff's property damage claim. While the Georgia Court of Appeals recognized that substantial compliance with the statute is all that is necessary, it held that the defendant had not received sufficient notice of plaintiff's specific claim. *Id.*

In her brief, plaintiff points to the "virtual certainty of actual notice" to the City, presumably referring to notice of most of the facts in this matter. However, there is no suggestion that the City had knowledge or notice of any *dispute* surrounding the matter.

In *Schaefer v. Mayor of Athens*, 120 Ga.App. 301, 170 S.E.2d 339 (1969), the court of appeals rejected a similar argument. In *Schaefer*, the defendant had gone so far as to refer the matter to its insurance carrier. The court held:

That the city governing authorities may have had knowledge of the fact that plaintiff had a claim which she expected to assert against the city, either from communications which do not meet the requisites of written notice under Code Ann.. § 69–308 [O.C.G.A. § 36–33–5], ... or from a reference of the claim to an insurance carrier which undertook an investigation and settlement, can not work a waiver of the notice, an estoppel to assert lack thereof, or toll the time for giving it.

*Id.* at 302–303, 170 S.E.2d at 342, *citing Allen v. City of Macon*, 118 Ga.App. 88, 162 S.E.2d 783 (1968).

In a diversity action, a federal court must apply the controlling substantive law of the state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Fifth Circuit has applied this type of notice statute in a diversity suit, *De Almanza v. Laredo Water Works System*, 582 F.2d 970 (5th Cir.1978), and has rejected application of the Georgia statute in section 1983 cases. *Ehlers v. City of Decatur*, 614 F.2d 54, 55–56 (5th Cir.1980).

It appears to the court that, standing alone, the plaintiff's negligence and wrongful death action would be barred in state courts and therefore barred in this court in a pure diversity case. Plaintiff argues, however, that "both a state and federal claim lie on the same incident. It would seem strange that claims stemming from the same incident and contemplating essentially the same damages would not both be allowed to be resolved on the merits." (Brief of Plaintiff at p. 3.). This court disagrees. "An action against a city under § 1983 is materially different than a negligence suit required to be submitted for adjustment under § 69–308 [36–33–5]. Therefore § 1983 provides a remedy independent of any provided by state law ..." *Williams v. Posey*, 475 F.Supp. 133, 135 (M.D.Ga.1979). To paraphrase the Supreme Court, there is no reason why an action based on state law which would be barred in the state courts should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659, 669 (1980).

Procedurally, the court points out that summary judgment is inappropriate at this juncture. Compliance with O.C.G.A. § 36–33–5 is a condition precedent to filing suit against a municipality. "In cases where the merits could not be reached because of the failure of the plaintiff to satisfy a precondition, the appropriate action is dismissal of the case on motion." *Jones v. City of Austell*, 166 Ga.App. at 810, 305 S.E.2d at 655.

## II.

As to the motions to dismiss the complaint as time barred, the court first observes that Georgia's two year limitations period for actions for injuries to the person (including wrongful death), Official Code of Georgia Ann. § 9–3–33 (Michie 1982), is also applicable to plaintiff's claims under 42 U.S.C.A. § 1983 (West 1981). *McMillian v. City of Rockmart*, 653 F.2d 907, 909 (5th Cir., Unit B, 1981). Both defendants contend that, although timely filed, the failure of the plaintiff to promptly perfect service of the complaint should result in its dismissal since the statute of limitations has run. The resolution of this issue turns on whether the filing of the complaint tolls the statute of limitations.

Under federal law, which governs section 1983 claims, a civil action is commenced by the filing of the complaint, Fed.R.Civ.P.3, and presumably the statute is tolled. Georgia law similarly provides that an action is commenced by the filing of the complaint. O.C.G.A. § 9–11–3 (Michie 1982). Unlike the federal rules, however, Georgia requires service of process within five days of receiving the summons and complaint, although the failure to make it within five days does not invalidate a later service. O.C.G.A. § 9–11–4(c) (Michie 1982). The Georgia Supreme Court has stated that "filing is still not the commencement of the suit unless followed by service within a reasonable time, but that once service is perfected upon a defendant it will relate back to the original date of the filing which will be considered that date of the commencement of the law suit." *Franek v. Ray*, 239 Ga. 282, 285–86, 236 S.E.2d 629, 632 (1977).

Under Georgia law, in the event the statute of limitations has run between the filing and the service of the complaint, as here, service will relate back to the date of filing only if perfected within five days of filing the complaint. Beyond the five days, as here, service relates back only if the plaintiff diligently attempted to perfect service. *Bible v. Hughes*, 146 Ga.App. 769,

770, 247 S.E.2d 584, 585 (1978); *Webb v. Murphy,* 142 Ga.App. 649, 236 S.E.2d 840, 841 (1977).

The plaintiff urges that the diligence requirement is inapplicable to both the federal and state aspects of her action since service was perfected within the 120 day time limit for service in Rule 4(j) of the Federal Rules of Civil Procedure. As to her claim for relief under section 1983, this court agrees. However, as to her state law claims in Counts One and Two, this court must apply the Georgia rule as to whether the state claims are barred by the statute of limitations. *Cambridge Mutual Fire Insurance Co. v. City of Claxton,* 720 F.2d 1230, 1233 (11th Cir.1983). As stated by the circuit court in *Cambridge,* this finding is consistent with the Supreme Court's reasoning in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 753, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659, 669 (1980). An action based on state law which would be barred in the state courts should not be permitted to proceed in federal court solely because of the fortuity that there is diversity of citizenship. Plaintiff should not be able to circumvent Georgia law, even inadvertently, by attaching a state claim to a federal cause of action. To do so would result in an "'inequitable administration' of the laws." 446 U.S. at 753, 100 S.Ct. at 1986, 64 L.Ed.2d at 669, *quoting Hanna v. Plumer,* 380 U.S. 460, 468, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8, 15 (1965). Plaintiff's reliance on *Jolivet v. Elkins,* 386 F.Supp. 261 (D.Md.1974), is inapposite. The complaint in that case was based solely on section 1983.

This leads to the final issue: did plaintiff diligently attempt service of process? Even given the fact that the second summons (defendant Johnston's) was not issued until October 2, 1985, the plaintiff's proffered reasons for the delay in service are without merit. Being unaware of the concept that service of process has anything to do with the tolling of the statute of limitations, as opposed to the filing of the complaint, is not an adequate justification for delay. That it is harder to carry out service long distance, coupled with unfamiliarity with the state law, points up the reasons plaintiff admittedly sought, and is seeking, Georgia counsel. The "test" is "whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." *Webb v. Murphy,* 142 Ga.App. at 649, 236 S.E.2d at 841 (citations omitted). This court determines that plaintiff has not so acted.

### Summary

Accordingly, the court grants the motions of defendant City of Albany and defendant Johnston as to Counts One and Two of plaintiff's complaint, and counts One and Two are hereby DISMISSED.