### A93A1640. GLOVER v. COLBERT.
(437 SE2d 363)

BEASLEY, Presiding Judge.

In July 1990, Glover sued Colbert for damages sustained in a vehicular collision in January 1990. In 1992, a jury returned a verdict in favor of Glover for $5,000. The court entered judgment in the amount of $2,500, after deducting $2,500 pursuant to former OCGA § 33-34-9 (b) as a result of Glover's receipt of medical-expense PIP benefits under the Motor Vehicle Reparations Act ("Act"). OCGA § 33-34-1 et seq. We granted Glover's application for discretionary appeal.

OCGA § 33-34-4 (a) (2) provided for a minimum of $5,000 in required no-fault benefits, which included necessary medical expenses not to exceed $2,500. OCGA § 33-34-4 (a) (2) (A). OCGA § 33-34-9 (b) provided that any person eligible for such benefits was precluded from pleading or recovering in an action against a tortfeasor those damages for which compensation was available for such loss. The Act

was repealed effective October 1, 1991. *Terry v. State Farm Mut. Auto. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212) (1992).

In *Terry*, supra, plaintiff sued her automobile insurer for penalties and punitive damages under OCGA § 33-34-6 because of the insurer's failure to make timely payment of benefits. The Act was repealed during the pendency of the action. This Court held that Terry's action had been abrogated under the well-settled principle that repeal of a law authorizing recovery of a penalty defeats the right to recover the penalty unless the right has become vested contractually or through the securing of a final nonappealable judgment. Id. at 225.

" 'Upon principle, every statute which takes away or impairs vested rights acquired under existing laws, . . . in respect to transactions or considerations already past, must be deemed retrospective.' [Cit.]" *London Guarantee &c. Co. v. Pittman*, 69 Ga. App. 146, 157 (25 SE2d 60) (1943). "A repealing act will not be given a retroactive operation so as to divest previously acquired rights. [Cit.]" *Whittle v. Jones*, 198 Ga. 538 (32 SE2d 94) (1944).

As later recognized in *State Farm Mut. Auto. Ins. v. Young*, 207 Ga. App. 355, 357 (427 SE2d 835) (1993), the Court in *Terry* noted that our Supreme Court has recognized that construing a statute to relieve against penalties and forfeitures does not violate the constitutional rights of the complaining party because a person has no vested rights to a forfeiture or penalty. Id. at 227. *Terry* concluded that the mere mention of the act in Terry's insurance policy did not give her a contractual right to bring an action to recover penalties and punitive damages or relate to her coverage, but rather created a remedy when timely payments were not made. Id. at 225 (n. 1), 227. It stated that the General Assembly did not indicate whether it intended repeal to have retroactive application, id. at 224-225, but that it did provide in the repealing statute that no-fault coverage in existence on October 1, 1991, would remain in effect until changed by specific request of the policyholder and reflected by endorsement to the policy or until the renewal date of the policy. Id. at 225 (n. 1). Consequently, in *State Farm Mut. Auto. Ins. Co. v. Sills*, 208 Ga. App. 184 (430 SE2d 32) (1993), *Terry* was characterized as holding that repeal of the Act is retroactive with respect to available remedies but not with respect to coverage.

This is consistent with *Gold v. Pioneer Fund*, 107 Ga. App. 855, 860 (132 SE2d 144) (1963), which holds that "the repeal of a statute without reservation takes away all remedies given by it and even defeats all actions and proceedings pending under it at the time of its repeal. . . . [Cits.]" See also *Fulton County v. Spratlin*, 210 Ga. 447 (1) (80 SE2d 780) (1954), and *Mullins v. First Gen. Ins. Co.*, 253 Ga. 486, 488 (322 SE2d 265) (1984) (plurality opinion).

If the repeal of a statute without reservation takes away a remedy or cause of action, it would seem that it would take away a defense such as that available to a tortfeasor under the No-Fault Act, especially in actions filed after the effective date of the repeal. This would appear to .be the intent of the legislature, where, as here, no saving clause was enacted. However, other decisions, including those of our Supreme Court, hold that plaintiffs do acquire vested rights in causes of action and that tortfeasors do acquire vested rights in statutory defenses. *Spengler v. Employers Commercial Union Ins. Co.*, 131 Ga. App. 443 (206 SE2d 693) (1974) (holding that by statute the subrogation rights of the payor of workers' compensation benefits became vested upon giving notice) distinguished *Spratlin*, supra, on the ground that Spratlin had no vested right in his particular cause of action. Id. at 449.

Decisions exemplified by *Pritchard v. The Savannah Street & Rural Resort R. Co.*, 87 Ga. 294, 299 (13 SE 493) (1891), give retroactive effect to a law if it "affect[s] the remedy only." Within the meaning of these decisions, laws which affect the remedy only are remedial statutes, which are "laws curing defects in the remedy, or confirming rights already existing, or adding to the means of securing and enforcing the same." Id. at 297; see *Biddle v. Moore*, 87 Ga. App. 524 (74 SE2d 552) (1953). A remedial statute has also been defined as one remedying defects in the common law. Black's Law Dictionary Revised 4th Ed., p. 1457 (1968). " '[T]he defaulter can have no vested right in a state of the law which left the injured party without, or with only a defective, remedy.' [Cits.]" *Pritchard*, supra at 299.

These decisions also countenance the retroactive application of procedural laws. " 'The presumption against a retrospective construction has no application to enactments which affect only the procedure and practice of the courts, even where the alteration which the statutes make has been disadvantageous to one of the parties . . . A law which merely alters the procedure may, with perfect propriety, be made applicable to past as well as future transactions . . . No person has a vested right in any course of procedure. . . .'" Id. *Gold* involved a law relating to service of process, i.e., a procedural law.

In *Biddle*, this Court held that certain amendments to the Code — authorizing the personal representative of a deceased person to recover funeral, medical, and other necessary expenses incurred by the decedent prior to his death, and providing for the survival of causes of action in the personal representative — constituted new substantive rights in the representative and therefore were not remedial in nature to the extent of being given retrospective operation. *Biddle* held that "[t]he fact that no such right of action existed was, ipso facto, a perfect defense for the tort-feasor, when sued by the personal representative of an estate, as to these items of damage. It has been

held that a right of defense should be held as inviolate as a right of action. [Cit.] In *Thomas v. Town of Savannah Beach*, 66 Ga. App. 178 (17 SE2d 747), it was held that an act, passed subsequently to the death of the claimant's husband, changing the amount which might be set off by an employer in a workmen's compensation proceeding, was not applicable, since 'any rights which the employer or the tortfeasor may have had as respected the amount recoverable against either of them were fixed and vested as of the date of the homicide and could in no wise be changed by any subsequent statute.'" 87 Ga. App. at 525-526.

Likewise in *Enger v. Erwin*, 245 Ga. 753 (267 SE2d 25) (1980), the Supreme Court held that an act of the General Assembly, repealing a statute providing a cause of action for alienation of affections and making the repeal applicable to pending suits, constituted an unconstitutional retrospective application. The Court observed that "[a] constitutional act of the legislature has been found to be the equivalent of a contract and the rights created thereby may not be impaired by subsequent legislation. [Cits.]" Id. at 754. Citing *F. H. Ross & Co. v. White*, 224 Ga. 324 (161 SE2d 857) (1968), the Court recognized that although legislation which involves mere procedural or evidentiary changes may operate retrospectively, legislation which affects substantive rights may operate prospectively only. As stated in *Enger*, the Court in *F. H. Ross* "found the right of contribution between joint tortfeasors to be such a substantive right, that the rights of the parties in this negligence case were fixed at the time of the event upon which liability depended, and that the right of contribution, having been made available by a statute passed since that event, did not apply." 245 Ga. at 754. "In a negligence case the substantive rights of the parties are fixed at the time of the injury or event on which liability depends." *F. H. Ross*, supra at 325 (2).

The general rule is that a tortfeasor cannot diminish the amount of his liability by pleading payments to the plaintiff under the terms of a contract between plaintiff and a third party who was not a joint tortfeasor and that under these circumstances there is no violation of the rule of torts that the plaintiff is not entitled to a double satisfaction for his injuries. *Thompson v. Milam*, 115 Ga. App. 396, 397 (154 SE2d 721) (1967). OCGA § 33-34-9 (b) changed this rule, pro tanto, by providing that a plaintiff could not recover against a tortfeasor damages for which minimum, mandatory no-fault compensation was available for such loss. Under previously cited cases, this gave the tortfeasor a statutory right which became fixed at the time of the collision. As held in *Walker v. Willis*, 210 Ga. App. 139 (435 SE2d 621) (1993), the subsequent repeal of the statute does not apply, for the reasons given in that case and herein.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED OCTOBER 27, 1993.

*Nicholas & Weeks, Joe A. Weeks*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Frederick N. Sager, Jr., Prince A. Brumfield*, for appellee.