32960. In re McCLINTOCK, Bankrupt et al. v.
GENERAL MOTORS ACCEPTANCE CORPORATION.
In re PORTMAN, Bankrupt et al. v.
FORD MOTOR CREDIT COMPANY.

JORDAN, Justice.

The United States Court of Appeals for the Fifth Circuit has certified to this court the following question: "Where, prior to bankruptcy, a debtor purchases a private motor vehicle in a state other than Georgia, grants to the seller a security interest in the vehicle to secure payment of the unpaid purchase price, advises the dealer at the time that the security interest is created that the vehicle will be brought into Georgia for purposes other than transportation through the State of Georgia and the vehicle is, in fact, brought into Georgia within thirty (30) days thereafter, is the security interest holder, after having perfected its security interest in accordance with the applicable law of the state of purchase by noting the security interest on a motor vehicle certificate of title issued by the state of purchase, required thereafter to obtain a Georgia certificate of title noting its security interest thereon in order to protect its interest against the Trustee in Bankruptcy for the debtor?"

This question will be answered pursuant to Rule 42 of this court, promulgated September 20, 1977.

The certified question requires a construction of the Motor Vehicle Certificate of Title Act, particularly Code Ann. § 68-421a (Ga. L. 1961, pp. 68, 83; 1962, pp. 79, 85; 1965, pp. 304, 311; 1969, pp. 92, 93). It is first provided under subsection (d) of that section: "If a vehicle is subject to a security interest or lien when brought into this State, the *validity* of the security interest or lien is determined by the law of the jurisdiction where the vehicle was when the security interest attached, subject to the following: (1) If the parties understood at the time the security interest was created or the lien attached that the vehicle would be

kept in this State and it was brought into this State within 30 days thereafter for purposes other than transportation through this State, the *validity* of the security interest or lien in this State is determined by the law of this State." (Emphasis supplied.)

The bankruptcy trustee argues that the term "validity" as used in § 68-421a (d) (1) includes *perfection* of the security interest, and means that where the security interest holder whose security interest was perfected in another state knows that the automobile is to be brought into Georgia within 30 days after the creation of the security interest, it must perfect its security interest in Georgia by complying with the provisions pertaining to the perfection of a security interest which originally attaches in Georgia.

The next subdivision of § 68-421a following (d) (1) is subsection (2). This latter subsection appears by its subdivision number to be a second rule applicable to the first sentence of subsection (d). However, subsection (d) (2) deals with a new subject, the *perfection* of a security interest or lien. Subsections (d) (2) and (d) (2) (A) provide: "If the security interest or lien was *perfected* under the law of the jurisdiction where the vehicle was when the security interest attached, the following rules apply: (A) If the name of the holder of a security interest or lien is shown on an existing certificate of title issued by that jurisdiction, his security interest or lien continues *perfected* in this State." (Emphasis supplied.) Subsection (d) (2) (B) provides the rule where the name of the holder of a security interest or lien is not shown on an existing certificate of title by that jurisdiction.

There are no definitions of the terms "validity" and "perfection" in the Motor Vehicle Certificate of Title Act. The word "perfection" has a precise meaning in the Act since the requirements for the perfection of a security interest, whether created in this state or in another state, are stated.

Even if the word "validity" as used in Code Ann. § 68-421a (d) (1) might be interpreted to include "perfection," the law of this state applicable to a vehicle subject to a security interest when brought into this state, which security interest was perfected under the law of the

jurisdiction where the vehicle was when the security interest attached, is set out in explicit language in § 68-421a (d) (2) (A and B).

The security interest described in the question propounded to this court remained perfected in Georgia under Code Ann. § 68-421a (d) (2) (A). Compare General Motors Acceptance Corp. v. Whisnant, 387 F2d 774 (5th Cir. 1968).

*Certified question answered in the negative. All the Justices concur.*

ARGUED NOVEMBER 17, 1977 — DECIDED JANUARY 31, 1978.

*Edward W. Szczepanski,* for appellants.
*Kelly, Champion, Denny & Pease, Ernest Kirk, II, Hatcher, Stubbs, Land, Hollis & Rothschild, Charles T. Staples,* for appellee.