## 34453. WANSOR v. GEORGE HANTSCHO COMPANY, INC. et al.

UNDERCOFLER, Presiding Justice.

The following question has been certified to this court from the United States Court of Appeals, Fifth Circuit. Supreme Court of Georgia Rules, § XXIII, Federal Appellate Courts, Rule 42, adopted September 20, 1977; *Miree v. United States,* 242 Ga. 126 (249 SE2d 573) (1978); *McClintock v. General Motors Acceptance Corp.,* 240 Ga. 606 (241 SE2d 831) (1978). "Whether under Georgia law, the doctrine of strict liability in tort applies to a product, where: (a) the product was manufactured in 1960-61; (b) the product was purchased and installed in 1961; (c) the Georgia Legislature amended Georgia Code Ann. § 105-106 in 1968 to overcome privity limitations on tort recoveries; (d) the product caused injury to an individual in 1971 due to the alleged defective condition of the product." (Footnote omitted.) We answer in the negative. The 1968 Act of the General Assembly created a new cause of action in our state which applies to "the manufacturer of any personal property sold as new property. . ." Since this product was *sold* in 1961, to apply the 1968 statute would violate Code Ann. § 102-104, forbidding the retrospective application of laws.

Although other states have found a cause of action for strict product liability in their common law, the Georgia courts had not done so. *Friend v. General Motors Corp.,* 118 Ga. App. 763 (165 SE2d 734) (1968) (Pannell, J., dissenting). In 1968, however, the Georgia legislature passed a new statute dealing with a manufacturer's liability for its products: Ga. L. 1968, pp. 1166, 1167; Code Ann. § 105-106.

Code Ann. § 105-106 provides: "No privity is necessary to support an action for a tort; but if the tort results from the violation of a duty, itself the consequence of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done,

independently of the contract, and except as provided in Code Section 109A-2—318. However, the manufacturer of any personal property sold as new property, either directly or through a dealer or any other person, shall be liable in tort, irrespective of privity, to any natural person who may use, consume or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended and its condition when sold is the proximate cause of the injury sustained; a manufacturer may not exclude or limit the operation hereof."[1]

The Court of Appeals did not construe this statute as creating strict product liability. *Poppell v. Waters,* 126 Ga. App. 385 (190 SE2d 815) (1972); *Stovall & Co. v. Tate,* 124 Ga. App. 605 (184 SE2d 834) (1971). However, this court interpreted this statute, in *Center Chemical Co. v. Parzini,* 234 Ga. 868 (218 SE2d 580) (1975), and in *Ellis v. Rich's, Inc.,* 233 Ga. 573 (212 SE2d 373) (1975), as providing for strict tort liability against a manufacturer of personal property which is sold as new property and is defective. See generally, Restatement 2d Torts, § 402-A.

The plaintiff argues that Code Ann. § 105-106, rather than creating a new cause of action in tort merely broadened the *remedy* for wrongs recognized prior to its passage by eliminating the privity requirements for torts. Thus he urges that his claim is not barred by the retrospective aspects of Code Ann. § 102-104.[2] We do not agree.

---

[1] The 1978 amendments to this section are not here involved. Ga. L. 1978, pp. 2202, 2218, 2267. We express no opinions as to the effect of these amendments.

[2] Code Ann. § 102-104, in pertinent part, states: "Laws prescribe only for the future; they cannot impair the obligation of contracts, nor, usually, have a retrospective operation. Laws looking only to the remedy or mode of trial may apply to contracts, rights, and offenses entered into or accrued or committed prior to their passage; . . ."

A careful reading of Code Ann. § 105-106, convinces us that the clear intent of the legislature was to create a new tort, strict liability. As we said in *Center Chemical Co. v. Parzini,* supra, under strict liability "the claimant is not required to prove negligence," p. 869, but the "action is in tort and privity of contract is not necessary nor can the manufacturer avail itself of the usual contract or warranty defenses," p. 868. "The provisions of Code Ann. § 105-106 create a new cause of action which is in derogation of the common law . . ." *Ford Motor Co. v. Carter,* 239 Ga. 657, 659 (238 SE2d 361) (1977).

Having reached the conclusion that a new cause of action in tort has been established by the legislature by its enactment of Code Ann. § 105-106, it follows that, under Code Ann. § 102-104, this statute may not be given retroactive effect. "A distinction must be made between acts which affect existing rights, or *impose new obligations,* and acts which give new remedies for existing rights, and enforce the performance of previous obligations." *Pritchard v. Savannah &c. R. Co.,* 87 Ga. 294, 300 (13 SE 493) (1891). (Emphasis supplied.) Accord, *Biddle v. Moore,* 87 Ga. App. 524 (74 SE2d 552) (1953). We add that Arkansas, which also has adopted strict products liability by statute, reached the same conclusion in *General Motors Corp. v. Tate,* 275 Ark. 347 (516 SW2d 602) (1974).

Plaintiff's argument that at the time of his injury in 1971, the 1968 law was in effect and thus presents no retroactivity problem under Code Ann. § 102-104 also has no merit. He overlooks the fact that he has no cause of action under Code Ann. § 105-106 because he was not injured by a product "sold as new property" after 1968 when such liability attached.

*Certified question answered in the negative. All the Justices concur.*

ARGUED JANUARY 16, 1979 — DECIDED FEBRUARY 6, 1979.

*Johnson, Harper & Stanfield, Cullen M. Ward, Clark H. McGehee,* for appellant.

*N. Forrest Montet, David M. Leonard, Hurt, Richardson, Garner, Todd & Cadenhead, Cullen T. Gilliland,* for appellees.