**In re A. Ervin HOWELL, Debtor.**

**Dennis G. BEZANSON, Trustee, Plaintiff,**

v.

**INDIAN HEAD BANK & TRUST COMPANY and Internal Revenue Service and A. Ervin Howell, Defendants.**

**Bankruptcy No. 282–00088.**
**Adv. No. 282–0120.**

United States Bankruptcy Court,
D. Maine.

March 11, 1983.

Dennis Bezanson, South Portland, Me., pro se.

Duncan A. McEachern, Kittery, Me., for Indian Head Bank.

F. Mark Terison, Asst. U.S. Atty., Portland, Me., Kenneth Kimmel, Kennebunk, Me., for I.R.S.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

In this adversary proceeding, the court faces the familiar situation in which a Maine resident purchases a motor vehicle, executes a security agreement, and obtains a certificate of title in New Hampshire, but, with the tacit permission of the secured party, immediately removes the motor vehicle to Maine. The trustee asserts that, in this situation, the lender's security interest is unperfected and that he has priority as a hypothetical lien creditor from the date of the petition.

On August 25, 1978, the debtor, A. Ervin Howell, signed an order to purchase a motor vehicle from Goss Lincoln Mercury in Portsmouth, New Hampshire. On the line of the order headed "purchaser's address" the word "York" was written in, crossed out, and a New Hampshire address was substituted. On August 28, 1978, the debtor and Goss executed a security agreement, which was simultaneously assigned to Indian Head Bank & Trust Company. The security agreement listed York, Maine, as the debtor's legal residence, as did the debtor's application for secured credit. However, the debtor's application to the New Hampshire Division of Motor Vehicles for a certificate of title, which was completed by Goss and signed by the debtor, listed a New Hampshire address. New Hampshire issued a certificate of title, dated September 19, 1978, showing the debtor as owner with a New Hampshire address. The certificate also states that the vehicle is subject to the first lien of Indian Head Bank. The debtor filed a petition under chapter 7 on March 3, 1982.

At the hearing, the debtor testified that when he purchased the vehicle his legal residence was in York, Maine, but that he used the New Hampshire address of a local inn on the certificate of title because, at the time, he was involved in a contested divorce proceeding. Since its purchase the vehicle has been garaged at the debtor's home in Maine, but registered each year in New Hampshire.[1] Representatives of Goss and Indian Head Bank testified that their organizations neither knew nor attempted to discover the location of the debtor's legal residence.

From the evidence presented, the court finds that Indian Head Bank knew that the debtor did not reside in New Hampshire. However, this finding is not dispositive of the issue of perfection as asserted by the trustee. The court concludes that Indian Head Bank properly perfected its security interest in New Hampshire prior to the debtor's chapter 7 filing and, thus, that the bank has priority over the trustee.

Maine and New Hampshire have both adopted the Motor Vehicle Certificate of

---

1. The court is not unaware that this debtor has avoided the Maine Sales and Use Tax Law. See Me.Rev.Stat.Ann. tit. 36, chs. 211–225 (1978 & Supp.1982–1983). New Hampshire has no sales or use taxes. That issue is not before this court in this proceeding.

Title and Anti-theft Act. The Act contains the exclusive method of perfecting security interests in motor vehicles. *See* Me.Rev. Stat.Ann. tit. 29, § 2407 (1978); N.H.Rev. Stat.Ann. § 269–A:26 (1977). The trustee does not dispute that Indian Head Bank followed the proper procedure for perfecting its security interest under the New Hampshire Act. *See* N.H.Rev.Stat.Ann. § 269–A:21(II) (1977). Instead he argues that section 2402(3)(A) of the Maine Act required the bank to perfect its security interest using a Maine certificate of title because it knew that the vehicle would be brought into Maine within 30 days. Me. Rev.Stat.Ann. tit. 29, § 2402(3)(A) (1978).

Section 2402(3)(A) deals with validity of security interests. It provides:

> If a vehicle is subject to a security interest when brought into this State, the *validity* of the security interest is determined by the law of the jurisdiction where the vehicle was when the security interest attached, subject to the following: If the parties understood at the time the security interest attached that the vehicle would be kept in this State and it was brought into this State within 30 days thereafter for purposes other than transportation through this State, the *validity* of the security interest in this State is determined by the law of this State.

*Id.* (emphasis added). This section does not control perfection of security interests, as the trustee argues, "but only settles any conflicts of laws question relating to validity." *GMAC v. Whisnant*, 387 F.2d 774, 777 (5th Cir.1968) (interpreting substantially identical Georgia statute). If the conditions outlined in section 2402(3)(A) are present, questions of validity will be determined under the laws of Maine rather than the laws of the jurisdiction where the security interest attached. *Id.* at 777–78.

Validity and perfection are distinct terms; " 'validity' as used in [the Georgia version of section 2402] pertains to the status of the security interest between debtor and secured party" while " 'perfection' is a term of art and deals with the status of the secured party as against subsequent creditors and lienholders." *Id.* at 777. Thus, section 2402(3)(A) of the Maine Act is not applicable to this proceeding which involves a priority dispute between a trustee in bankruptcy and a secured party over a vehicle subject to a perfected security interest when brought into Maine. *In re McClintock*, 240 Ga. 606, 241 S.E.2d 831, 833 (Ga. 1978) (interpreting substantially identical Georgia statute) (Supreme Court of Georgia answering question certified by the Fifth Circuit in *Szczepanski v. GMAC (In re McClintock)*, 558 F.2d 732 (5th Cir.1977)); *see Whisnant*, 387 F.2d at 778.

Section 2402(3)(B)(1) governs this proceeding. Me.Rev.Stat.Ann. tit. 29, § 2402(3)(B)(1) (1978). That section deals with perfection when the security interest is noted on an existing foreign certificate. *Whisnant*, 387 F.2d at 778; *In re McClintock*, 241 S.E.2d at 833. Section 2402(3)(B)(1) provides, with regard to a vehicle subject to a security interest when brought into Maine:

> B. If the security interest was perfected under the law of the jurisdiction where the vehicle was when the security interest attached, the following rules apply.
>
> (1) If the name of the lienholder is shown on an existing certificate of title issued by that jurisdiction, his security interest continues perfected in this State.

The Georgia Supreme Court applied the Georgia version of section 2402(3)(B)(1) to a situation almost identical to our own. It concluded:

> Where, prior to bankruptcy, a debtor purchases a private motor vehicle in a state other than Georgia, grants to the seller a security interest in the vehicle to secure payment of the unpaid purchase price, advises the dealer at the time that the security interest is created that the vehicle will be brought into Georgia for purposes other than transportation through the State of Georgia and the vehicle is, in fact, brought into Georgia within thirty (30) days thereafter, . . . the security interest holder, after having perfected its

security interest in accordance with the applicable law of the state of purchase by noting the security interest on a motor vehicle certificate of title issued by the state of purchase, [is not] required thereafter to obtain a Georgia certificate of title noting its security interest thereon in order to protect its interest against the Trustee in Bankruptcy for the debtor. *In re McClintock,* 241 S.E.2d at 832.

■ Because Indian Head Bank perfected its security interest under the law of New Hampshire, the jurisdiction where the vehicle was when the security interest attached, by having its name noted on the certificate of title issued by New Hampshire, its security interest continues perfected in Maine under section 2402(3)(B)(1). The bank was not required to perfect its security interest in Maine. Thus, Indian Head Bank has priority over the trustee in bankruptcy.

An appropriate order will be entered.