**In re Clarence Amos BROWN, Debtor.**

**VTCC, INC., d/b/a Volvo White Truck Credit Company, Plaintiff,**

v.

**Clarence Amos BROWN and Thomas J. Carlson, Trustee, Defendants.**

**Bankruptcy No. 84–04018–S.**

United States Bankruptcy Court, W.D. Missouri, S.D.

Nov. 14, 1985.

Roland N. Balzer, James B. Lowe, Kansas City, Mo., for VTCC, Inc.

Thomas J. Carlson, Springfield, Mo., Trustee.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Debtor purchased a White truck tractor from Liberal Truck Service. The retain sales contract was assigned to VTCC, Inc., hereinafter Volvo. Debtor defaulted on the obligation and Volvo repossessed the truck. Debtor then filed for relief on December 28, 1984.

Volvo seeks modification of the automatic stay to permit it to sell its collateral. The trustee asserts that Volvo is not a secured creditor because it did not place its lien on a Missouri title. The parties have agreed that there are no disputes of material fact and that the question may be resolved on the pleadings.

At the time of purchase debtor lived in Marshall, Missouri. The truck, however, was licensed in Oklahoma and a title issued by that state, reflecting the lien held by Volvo. According to his schedules, debtor operated a trucking company from his home. This truck was used in that business. Although there is no evidence on the point, it is likely that Volvo and debtor knew the truck would be kept in Missouri but driven over the road outside Missouri.

Liens on motor vehicles must be perfected in accordance with the provisions of Chapter 301, R.S.Mo.1969. "The method provided in sections 301.600 to 301.670 of perfecting and giving notice of liens or encumbrances subject to sections 301.600 to 301.670 is exclusive". Section 301.650(2) Uniform Commercial Code filing requirements are not applicable to the perfection of liens on motor vehicles. *In re Jackson,* 268 F.Supp. 434 (DC ED Mo.1967) *Farmers & Merchants Bank v. Borg-Warner Acceptance Corp.,* 665 S.W.2d 636 (Mo.App. 1983).

Section 301.600, R.S.Mo.1969, provides—
1. Unless excepted by section 301.650, a lien or encumbrance on a motor vehicle or trailer, as defined by section 301.010, is not valid against subsequent transferees or lienholders of the motor vehicle or trailer who took without knowledge of

the lien or encumbrance unless the lien or encumbrance is perfected as provided in sections 301.600 to 301.670.

2. A lien or encumbrance on a motor vehicle or trailer is perfected by the delivery to the director of revenue of the existing certificate of ownership, if any, an application for a certificate of ownership containing the name and address of the lienholder and the date of his security agreement, and the required certificate of ownership fee. It is perfected as of the time of its creation if the delivery of the aforesaid to the director of revenue is completed within thirty days thereafter, otherwise as of the time of the delivery.

3. If a motor vehicle or trailer is subject to a lien or encumbrance when brought into this state, the validity and effect of the lien or encumbrance is determined by the law of the jurisdiction where the motor vehicle or trailer was when the lien or encumbrance attached, subject to the following:

(1) If the parties understood at the time the lien or encumbrance attached that the motor vehicle or trailer would be kept in this state and it was brought into this state within thirty days thereafter for the purposes other than transportation through this state, the validity and effect of the lien or encumbrance in this state is determined by the law of this state;

(2) If the lien or encumbrance was perfected under the law of the jurisdiction where the motor vehicle or trailer was when the lien or encumbrance attached, the following rules apply:

(a) If the name of the lienholder is shown on an existing certificate of title or ownership issued by that jurisdiction, his lien or encumbrance continues perfected in this state;

(b) If the name of the lienholder is now shown on an existing certificate of title or ownership issued by that jurisdiction, the lien or encumbrance continues perfected in this state three months after a first certificate of ownership of the motor vehicle or trailer is issued in this state, and also thereafter if, within the

three month period, it is perfected in this state;

(3) If the lien or encumbrance was not perfected under the law of the jurisdiction where the motor vehicle or trailer was when the lien or encumbrance attached, it may be perfected in this state; in that case perfection dates from the time of perfection in this state;

(4) A lien or encumbrance may be perfected under paragraph (b) of subdivision (2) or subdivision (3) of this subsection either as provided in subsection 2 or by the lienholder delivering to the director of revenue a notice of lien or encumbrance in the form the director of revenue prescribes and the required fee.

■ The primary purposes of the legislation are to create a simple system of lien perfection with adequate notice to the public and to produce revenue. *In re Jackson*, supra. But it is the perfection and notice provisions which are of significance to the bankruptcy court. Perfection can occur even though the taxes and fees are not paid. *Ford Motor Credit Co. v. Pedersen*, 575 S.W.2d 916 (Mo.App.1978). Both *Ford Motor Credit Co.*, supra, and *In re Jackson*, supra, stand for the proposition that the payment of taxes associated with the purchase of a motor vehicle is immaterial to the validity of the lien. See *In re Jackson*, 268 F.Supp. at 440–441.

■ The parties agree that Volvo was perfected as a matter of Oklahoma law. They also agree that no attempt was made to license the vehicle or obtain title showing Volvo's lien in Missouri. Under those circumstances various portions of Section 301.600 apply.

Although the statutory progression seems to suggest a different result depending on whether or not the vehicle was to be brought into Missouri although titled in another state, a careful reading shows that not to be so. Where the lien was perfected in the state of purchase and "[i]f the name of the lienholder is shown on an existing

certificate of title ... issued by that jurisdiction, his lien ... continues perfected in this state ..." Section 301.600–3(2)(a).

It is appropriate to read Section 301.600 from the general to the specific. The statute begins by declaring the broad rule that a lien is invalid if not perfected. The statute goes on to provide for a method of perfection and then targets the situation where a vehicle is purchased and titled in another state and then brought into Missouri. The language is a bit ambiguous, suggesting first that perfection can be had only by delivering an application to the director of revenue, but then saying in less equivocal language that if it is perfected in the state of purchase or location, it is also perfected in Missouri.

What Section 301.600 focuses on is the notice aspect of titling with the lien reflected on the title. The revenue aspect of registration is not considered. The statute says that if a lien is perfected in another state it is also perfected in Missouri but, where the vehicle is intended to be kept in Missouri, perfection will be determined by Missouri law. The issue of validity does not depend, although the argument can be made fairly, on filing with the Missouri director of revenue but rather whether the title, wherever issued, contains sufficient information to meet perfection standards in the State of Missouri. To conclude otherwise would make Section 301.600–3(2)(a) meaningless. See *In re Howell*, 28 BR 273 (Bkrtcy Me.1983). The Court finds that Volvo's perfection in Oklahoma by having its identity on the title would cause it to be perfected in Missouri. Obviously if Volvo is perfected in the circumstance where the purchaser intended to keep the vehicle in Missouri, then it is also perfected under the less stringent circumstance of Section 301.-600–3.

The Court holds that Volvo holds a perfected security interest in the White truck Western Star, Model 4964, Serial Number 909496 and is entitled to prevail over the claim of the trustee.