In re Charles Samuel ROACH, Debtor.

GENERAL MOTORS ACCEPTANCE
CORPORATION, a Corporation,
Movant,

v.

Charles Samuel ROACH and Eileen
Voss, Trustee, Respondents.

Bankruptcy No. 87–02427–BKC–J13.

Motion No. 01.

United States Bankruptcy Court,
E.D. Missouri, E.D.

June 19, 1990.

Eileen Voss, St. Louis, Trustee.

T.J. Mullin, St. Louis, Mo., for debtor.

John T. Hawk, Clayton, Mo., for movant.

## MEMORANDUM OPINION

JAMES J. BARTA, Bankruptcy Judge.

On January 3, 1986, the Debtor purchased a 1985 GMC pickup truck from Howard Pontiac–GMC, Inc. in Edmond, Oklahoma. The Debtor and General Motors Acceptance Corporation (G.M.A.C. or Movant) entered into a note and security agreement to finance the purchase. The Movant registered its security interest on the vehicle and received a certificate of title from the State of Oklahoma which reflected the G.M.A.C. lien.

The Debtor later moved to the State of Missouri and applied for a Missouri certificate of title. The Debtor surrendered the Oklahoma certificate of title to the Missouri Motor Vehicle Bureau (Bureau) which reflected G.M.A.C.'s lien on the truck. The Bureau on November 17, 1986, issued the Debtor a Missouri certificate of title but omitted the reference to G.M.A.C. as a lienholder.

On August 19, 1987, Debtor filed for relief under Chapter 13 of the United States Code and listed G.M.A.C. as the holder of a secured interest in the truck. On December 30, 1987, in a letter to the Debtor, the Bureau made a demand that the Debtor surrender the original Missouri certificate of title to the Title Correction Section so that G.M.A.C. could be added to the document. The Bureau alleged that the Debtor's title application did not include the lien or the name of the lienholder.

G.M.A.C. filed a Motion for Relief from the Automatic Stay and requested that this Court order the Debtor to surrender the original Missouri certificate of title to allow the Bureau to list G.M.A.C. as a lienholder on the truck.

The issue presented in this matter is whether the Movant holds a validly perfected security interest in the truck. If the

interest of G.M.A.C. is not perfected, the Trustee may attempt to avoid the lien under 11 U.S.C. § 544(a).

The Missouri Legislature through the Motor Vehicle Lien Act has directed that "[t]he method provided in sections 301.600 to 301.660 of perfecting and giving notice of liens or encumbrances subject to sections 301.600 to 301.660 is exclusive." § 301.650.2, R.S.Mo.1986. See also, *Zuke v. Mercantile Trust Company National Association*, 385 F.2d 775, 775 (8th Cir. 1967); *Ozark Financial Services v. Turner*, 735 S.W.2d 374 (Mo.App.1987).

■ Section 301.600.3 which governs the perfection of interests involving motor vehicles states in part:

3. If a motor vehicle or trailer is subject to a lien or encumbrance when brought into this state, the validity and effect of the lien or encumbrance is determined by the law of the jurisdiction where the motor vehicle or trailer was when the lien or encumbrance attached, subject to the following:

.　　.　　.　　.　　.

(2) If the lien or encumbrance was perfected under the law of the jurisdiction where the motor vehicle or trailer was when the lien or encumbrance attached, the following [rule applies]:

(a) If the name of the lienholder is shown on an existing certificate of title or ownership issued by that jurisdiction, his lien or encumbrance continues perfected in this state.

In the case at bar, the pickup truck was originally licensed to the Debtor in the State of Oklahoma, and the Oklahoma certificate of title reflected the lien of G.M.A.C. The parties do not dispute the conclusion that the interest of G.M.A.C. was perfected in Oklahoma as reflected by the Oklahoma Certificate of Title. Pursuant to Section 301.600 of the Missouri Statutes set out above the perfected Oklahoma lien continues when the vehicle is titled in Missouri, and the G.M.A.C. secured interest is recognized as perfected in this State. *In re Brown*, 55 B.R. 172, 174 (Bankr.W.D. Mo.1985).[1]

A similar conclusion has been reached by other courts which have interpreted substantially identical state statutes. In *In re Howell*, 28 B.R. 273 (Bankr.Maine 1983), the trustee asserted that he was a hypothetical lien creditor and requested the avoidance of a lien on a motor vehicle. The *Howell* court held as follows:

Because Indian Head Bank perfected its security interest under the law of New Hampshire, the jurisdiction where the vehicle was when the security interest attached, by having its name noted on the certificate of title issued by New Hampshire, its security interest continues perfected in Maine under section 2402(3)(B)(1). The bank was not required to perfect its security interest in Maine. Thus, Indian Head Bank has priority over the trustee in bankruptcy. *Howell*, at 276.

A Georgia State Court reached a similar result in *McClintock v. General Motors Acceptance Corp.*, 240 Ga. 606, 241 S.E.2d 831, 833 (1978). When the lienholder knew that the vehicle would be taken to a different state, the court held that the Georgia statute provided that a perfected lienholder was not required to obtain a new Georgia certificate of title to protect its security interest.

In these circumstances, the Bankruptcy Court may not disregard the clear language of the Missouri law. Pursuant to Section 301.600.3 R.S.Mo. the Debtor's failure to list the lienholder on the Missouri title application form did not defeat the lien of G.M.A.C. which had been otherwise perfected in the State of Oklahoma. The Missouri Bureau should have listed the G.M.A.C. lien on the Missouri Certificate of Title, as it had appeared on the Oklahoma Certificate of Title. When the error was discovered, the Bureau sought to correct the omission and requested that the Debtor return the original Missouri title.

---

1. In *Brown*, a truck was licensed in Oklahoma and a title issued by that state reflected the lien held by the lender. The parties agreed that the lender was perfected under the law of Oklahoma and that no attempt had been made to obtain a Missouri title that showed the lien. The bankruptcy court found that perfection of the lien in Oklahoma by having the lien on the title would cause the lien to be recognized as perfected in Missouri.

Therefore, the Court has determined that the security interest of G.M.A.C is valid and perfected pursuant to Section 301.600.-3(2)(a), R.S.Mo.1986. To the extent that the parties have agreed that they will be bound by this determination the Debtor is to surrender the Missouri certificate of title to the State to correct the omission.

### ORDER

█ Upon consideration of the record as a whole, and consistent with the Memorandum Opinion entered in this matter, the Court has further determined that the Debtor enjoys no equity in this property, and that said property is not necessary for an effective reorganization; and cause having otherwise been shown,

IT IS ORDERED that this hearing be concluded; and that the Movant's request for relief from the automatic stay to permit foreclosure of its interests in a certain GMC Pickup Truck as described in the documents associated with this motion is granted; and that said stay is terminated; and that the estate interest in said property is abandoned; and that by agreement of the parties, the Debtor is to *immediately surrender to the Movant* the Missouri Certificate of Title to said vehicle.